UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA DUPPER,

    Plaintiff

v.                                           Case # 8:15CV1734 35 TGW

LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Defendant
_____/

## COMPLAINT

The Plaintiff, DEBRA DUPPER (DUPPER) sues the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (LINA), and states:

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. LINA is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. DUPPER is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. DUPPER is and/or was a former employee of Honeywell International, Inc.

6. At all relevant times, DUPPER was a participant in an employee benefit plan providing disability benefits sponsored by her employer, Honeywell International, Inc. ("the Plan").

7. Honeywell International, Inc. is the Plan Sponsor.

8. Honeywell International, Inc. played no part in the administration of the plan or claims determination.

9. A copy of the document which was purported to be the Plan's Summary Plan Description (SPD) is attached hereto and incorporated by reference as **Exhibit "A."** DUPPER believes that the SPD was prepared by LINA, not Honeywell International, Inc., and she does not know if a formal plan document was ever adopted by Honeywell International, Inc. or if such a document exists.

10. The document claimed to be an SPD is a group disability insurance policy issued and underwritten by LINA (Group Policy No. VDT-9800S4– Exhibit "A").

11. LINA is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim.

12. The Plan's terms do not grant discretionary authority to LINA, or alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to LINA. De novo review applies to this action.

13. LINA not only decides which claims are paid under the Plan, but it also pays any such claims from its own assets. To the extent that the court determines that de novo review does not apply, the following factors must be considered:

    a) LINA's conflict of interest based on its paying claims when the funds at stake are not plan assets, but instead are LINA assets; and

b) As the insurer of the Plan which also makes claim determinations, LINA is subject to a higher than marketplace duty as an ERISA fiduciary.

14. DUPPER made a claim for Long Term Disability benefits under the Plan.

15. LINA has failed and refused to pay benefits after November 1, 2014.

16. LINA has refused to pay the benefits sought by DUPPER and as ground for such refusal has alleged that Plaintiff does not meet the definition of disability from any occupation.

17. With respect to all claims made herein, DUPPER has exhausted all administrative/pre-suit remedies, pursuing a mandatory pre-suit appeal of LINA's denial, which LINA upheld by letter dated June 23, 2015.

18. DUPPER is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability since November 1, 2014, through the date of filing this action.

19. DUPPER has met the definition of total disability based upon restrictions and limitations stemming from chronic pain diagnosed as fibromyalgia, as well as chronic shoulder and back pain. DUPPER is incapable of working a full 8-hour work day, requiring multiple unscheduled breaks due to weakness, fatigue, pain, and adverse side effects of her medication. DUPPER also has significant manipulative limitations that prohibit her ability to adapt to other work.

20. LINA paid DUPPER's benefits from until November 1, 2014 at a rate of $2,823.40 per month.

21. There are nine months of past due monthly benefit payments owed through the date of filing this action; and at the rate of $2,823.40 per month, LINA has deprived DUPPER of the aggregate sum of $25,410.60 as of the filing of this action.

22. Plaintiff is entitled to benefits herein because:

   (a) The benefits are permitted under the Plan.

   (b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   (c) Plaintiff has not waived or relinquished entitlement to the benefit.

23. Each monthly benefit payment owed since November 1, 2014, is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

24. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), DUPPER is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, DEBRA DUPPER, asks this Court to enter judgment against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation, finding that:

   (a) The Plaintiff is entitled to Long Term Disability benefits from November 1, 2014, through the filing of this lawsuit; and

   (b) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from November 1, 2014, to the date of filing this lawsuit—a total of

$25,410.60—together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

  (c) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

  (d) For such other and further relief as this Court deems just and proper, including but not limited to:

    1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

    2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

    3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this __23rd__ day of **July, 2015**.

*/s/ John V. Tucker*
_____
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
Attorney and Trial Counsel for Plaintiff
TUCKER & LUDIN, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
tucker@tuckerludin.com